J-S33022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER LABAR | : | |
| | : | |
| Appellant | : | No. 3412 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 1, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000369-2018

BEFORE: DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED JANUARY 5, 2021**

Tyler Labar (Appellant) appeals from the judgment of sentence imposed

after he pled guilty to strangulation and indecent assault without

complainant's consent.[1] On appeal, Appellant challenges the constitutionality

of his classification as a Tier I sex offender under Pennsylvania's Sex Offender

Registration and Notification Act (SORNA),[2] and the requirement that he

register as a sex offender for 15 years. Upon review, we vacate and remand.

Appellant's convictions arose from a sexual assault that occurred on

January 26, 2018. Appellant sexually assaulted the victim after a night of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2718(a), 3126(a)(1).

[2] 42 Pa.C.S.A. §§ 9799.10–9799.41.

drinking. He was charged with the above crimes and on April 1, 2019, entered a guilty plea. On August 1, 2019, the trial court sentenced Appellant to 248 days to 24 months less 1 day of incarceration, followed by two years of probation. Because Appellant had already served the minimum portion of his sentence, he was immediately paroled. The trial court also classified Appellant as a Tier I sex offender under SORNA, subjecting him to a 15-year registration and reporting period.

On August 7, 2019, Appellant filed a post-sentence motion raising the Chester County Court of Common Pleas decision in **Commonwealth v. Torsilieri**, and seeking, *inter alia*, modification of his sentence to remove the requirement that he register as a Tier I sex offender for 15 years. Appellant argued that Subchapter H of SORNA was unconstitutional. On October 25, 2019, the trial court, without holding a hearing, denied Appellant's post-sentence motion. The court stated:

> This appeal questions the constitutionality of SORNA, based on the Chester County Court of Common Pleas' decision in **Commonwealth v. Torsilieri,** 15 CR 1570 2016 (Pa. Comm. Pls. 2016). **Torsilieri** is now pending on appeal to the Pennsylvania Supreme Court. **See** 37 MAP 2018 (Pa. 2018). Following acceptance of the appeal, an *en banc* panel of this Court considered similar arguments and upheld SORNA as facially constitutional. **Commonwealth v. Tomsic,** 1517 CR 2016 (Aug. 19, 2019) *(en banc)* (amended order). We therefore rely on that decision while we await the Pennsylvania Supreme Court's ruling.

Trial Court Opinion, 1/14/20, at 1-2. This timely appeal followed.[3]

Appellant presents the following issues for review:

I. Whether SORNA is overbroad and violates Appellant's Due Process rights afforded him under the United States and Pennsylvania Constitutions.

II. Whether SORNA's registration requirements, as applied to Appellant by the trial court, constitute criminal punishment without an opportunity to challenge its imposition.

III. Whether SORNA violates [Appellant]'s fundamental right to reputation afforded him under the Pennsylvania Constitution.

Appellant's Brief at 8.

Appellant challenges the constitutionality of Subchapter H. Appellant relies on the Chester County Court of Common Pleas decision in *Torsilieri*, *supra*, which held that Subchapter H of SORNA was unconstitutional. At the time Appellant filed his brief with this Court, the *Torsilieri* decision was pending before the Pennsylvania Supreme Court. On June 16, 2020, the Supreme Court issued its decision.

A jury convicted Torsilieri of aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(1), and indecent assault, 18 Pa.C.S.A. § 3126(a)(1). *Commonwealth v. Torsilieri*, 232 A.3d 567, 572 (Pa. 2020). The trial court sentenced Torsilieri to an aggregate term of one year less one day to two years less one day of incarceration, followed by three years of probation. *Id.*

---

[3] Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

at 573. Additionally, Torsilieri's aggravated indecent assault conviction rendered him a Tier III sex offender under Subchapter H of SORNA, subject to lifetime registration and reporting requirements. *Id.* (citing 42 Pa.C.S.A. § 9799.14 (d)(7)).

Following post-sentence motions in which Torsilieri challenged the constitutionality of Subchapter H of SORNA, the trial court determined:

> [T]he registration and notification provisions of Revised Subchapter H violated [Torsilieri's] right to due process by impairing his right to reputation, as protected by the Pennsylvania Constitution, through the utilization of an irrebuttable presumption. The court also concluded that the statute violated his right to due process under the United States and Pennsylvania Constitutions because the statutory system failed to provide the requisite notice and opportunity to be heard. It also concluded that Revised Subchapter H violated the separation of powers doctrine because the General Assembly's enactment of Revised Subchapter H essentially removed the trial court's ability to fashion an individualized sentence. Finally, the court held that the statute violated **Alleyne**[4] and **Apprendi**[5] by allowing "the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor premised upon proof beyond a reasonable doubt." Tr. Ct. Order, July 10, 2018, at 3. The court, therefore, vacated [Torsilieri]'s sentence to the extent it required him to comply with Revised Subchapter H's sexual offender registration provisions.

---

[4] **Alleyne v. United States**, 570 U.S. 99 (2013) (holding that any fact that increases the mandatory minimum sentence for a crime is a fact that must be submitted to the jury and found beyond a reasonable doubt).

[5] **Apprendi v. New Jersey**, 530 U.S. 466 (2013) (concluding that other than a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt).

*Torsilieri*, 232 A.3d at 574.

The Commonwealth filed a direct appeal to the Pennsylvania Supreme Court, invoking the Supreme Court's jurisdiction over decisions from the Courts of Common Pleas declaring statutes unconstitutional, pursuant to 42 Pa.C.S.A. § 722(7). *Id.*

Upon review, the Supreme Court in *Torsilieri* recognized two broad categories in the trial court's conclusions:

> First, the court held that Revised Subchapter H violates Pennsylvania's due process protections through the unconstitutional use of an irrebuttable presumption [that sex offenders have a high risk of recidivation]. The trial court considered this holding as implicating both procedural and substantive due process protections. . . .

> Second, the trial court held that Revised Subchapter H's registration and notification provisions are punitive in nature such that they must comply with all constitutional and statutory protections applicable to sentencing. Based on the determination of punitive effect, the trial court concluded that the registration requirements, which can result in lifetime registration branding an offender as at high risk of recidivation, violated (1) the requirements of *Apprendi* and *Alleyne*, (2) imposed sentences in excess of the statutory maximum sentence, (3) constituted cruel and unusual punishment, and (4) violated the separation of powers doctrines by preventing trial courts from imposing individualized sentences.

*Id.* at 581-82.

The Supreme Court further explained:

> It is abundantly clear that the trial court's various declarations of Revised Subchapter H's registration and notification provisions as unconstitutional derived directly from the court's acceptance of and reliance upon [Torsilieri's] experts' evidence challenging the legislative determinations underpinning Revised Subchapter H, specifically (1) that all sexual offenders pose a high risk of

- 5 -

recidivation and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sexual offenders.

Unfortunately, the procedural posture of this case prevents tidy resolution of the matter by this Court. While [Torsilieri] presented a colorable argument that the General Assembly's factual presumptions have been undermined by recent scientific studies, we are unable to affirm the trial court's several conclusions finding Revised Subchapter H unconstitutional. We note that the evidence of record does not demonstrate a consensus of scientific evidence . . ., nor the "clearest proof" needed to overturn the General Assembly's statements that the provisions are not punitive, which we have noted requires more than merely showing disagreement among relevant authorities[.] We hesitate to find these standards met by the stipulated admission of three experts' affidavits, without an opportunity to weigh this evidence against contrary evidence, if any exists.

\* \* \*

As is apparent from the trial court findings, the evidence presented by [Torsilieri] provides a colorable argument to debunk the settled view of sexual offender recidivation rates and the effectiveness of tier-based sexual offender registration systems underlying the General Assembly's findings as well as various decisions of this Court and the United States Supreme Court. Nevertheless, as the trial court did not have the benefit of the opposing science, if any, the evidence currently in the record does not provide a sufficient basis to overturn the legislative determination. Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

Accordingly, we vacate that portion of the trial court's order declaring the registration requirements of Revised Subchapter H of SORNA unconstitutional and remand for further proceedings in accordance with this opinion.

*Id.* at 594-96 (footnote, citations, and quotations omitted).

Thus, the Supreme Court determined that the trial court, in declaring Subchapter H's registration and reporting requirements unconstitutional, relied on Torsilieri's experts' evidence challenging the legislative determinations underpinning Revised Subchapter H. *Id.* at 596. The Court stated that Torsilieri presented a "colorable argument to debunk" the General Assembly's presumptions regarding sex offender recidivism and the effectiveness of tier-based sex offender registration systems. *Id.* Nonetheless, the Court sought further development of the evidence relating to the General Assembly's presumption in order to determine if there was a "consensus of scientific evidence . . . to find [the] presumption not universally true[.]" *Id.* Accordingly, the Supreme Court concluded that the appropriate course was to remand the case to the trial court to provide both parties the opportunity to present additional evidence and to allow the trial court to weigh that evidence in determining whether Torsilieri refuted the legislative underpinnings of Subchapter H. *Id.*

A panel of this Court subsequently applied ***Torsilieri*** in ***Commonwealth v. Mickley***, 240 A.3d 957, 963 (Pa. Super. 2020). In that case, Mickley filed a post-sentence motion relying on the arguments raised in ***Torsilieri*** to challenge Subchapter H of SORNA, and was not afforded an evidentiary hearing. Thus, we determined that the proper course of action was to vacate the judgment of sentence and remand for an evidentiary

hearing, "so the parties can present evidence for and against the relevant legislative determinations. . ." ***Id.***

Instantly, Appellant's argument rests entirely on the ***Torsilieri*** decision. Appellant states that he filed "this appeal to protect his rights in the event that the law requiring him to register is declared unconstitutional or otherwise invalidated requiring a resentence in this matter." Appellant's Brief at 12. Like the defendant in ***Mickley***, Appellant did not have the opportunity to present evidence at a hearing. Therefore, in accordance with ***Torsilieri*** and ***Mickley***, we vacate the judgment of sentence and remand for an evidentiary hearing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2021