J-S32012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN CRUZ | : | |
| | : | |
| Appellant | : | No. 3040 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 17, 2019
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000433-2018

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                           Filed: January 13, 2021

Appellant, Justin Cruz, appeals from the aggregate judgment of sentence of 11½ to 23 months of confinement, which was imposed after he pleaded *nolo contendere* to indecent assault without consent of other.[1]  After careful review, we vacate the order denying Appellant's post-sentence motion and remand for a hearing on his post-sentence motion, at which, *inter alia*, the parties may present evidence for and against the relevant legislative determinations discussed below.  We affirm in all other respects.

At Appellant's plea hearing, the following facts were read into the record:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(1).

> [T]he complainant in this case was the sister of [Appellant's] girlfriend. He was living in the house with the sister, the girlfriend, and . . . their parents.
>
> And on the evening in question,[2] he and the girlfriend's sister -- the girlfriend was not at home -- they were playing these games and they were drinking. They both drank. And the allegation was that he had contact with her without consent because she woke up the next day and found a prophylactic. He, on the other hand, had maintained that there was consent . . . and was quite open with the police concerning what happened. She contested that.

N.T. at 17.

At sentencing, in addition to serving the above-referenced period of incarceration, Appellant was ordered to register for 15 years pursuant to the Sex Offender Registration and Notification Act ("SORNA").[3] On July 26, 2019, he filed a post-sentence motion that included a request for a hearing. On July 29, 2019, the trial court denied Appellant's hearing request and ordered that the post-sentence motion be argued on briefs.

On September 11, 2019, Appellant filed his brief in support of his post-sentence motion, contending that SORNA "violates his right to reputation

---

[2] According to the Information, the assault occurred on January 19, 2018.

[3] 42 Pa.C.S. §§ 9799.10-9799.42. The General Assembly amended SORNA on February 21, 2018, by passing Act 10 of 2018, which was immediately effective. **See** P.L. 27, No. 10, §§ 1-20. "Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters. Revised Subchapter H applies to crimes committed on or after December 20, 2012, whereas Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012." **Commonwealth v. Torsilieri**, 232 A.3d 567, 580 (Pa. 2020). As the crime in the current appeal occurred after December 20, 2012, only Subchapter H applies.

under the Pennsylvania Constitution"[4] and that he should be given a "meaningful opportunity to challenge the presumption of dangerousness" ingrained in SORNA, noting that the Supreme Court of Pennsylvania "has held that the degree of restraint imposed by similar laws demands meaningful pre-deprivation hearings." Appellant's Brief in Support of His Post-Sentence Motion to Declare SORNA Unconstitutional, 9/11/2019, at 2, 14 (not paginated) §§ A.1., A.2.c. (citing **Commonwealth v. Maldonado**, 838 A.2d 710, 714-18 (Pa. 2003) (sexually violent predator status cannot be imposed without a hearing due to the "substantial imposition upon [] liberty interests")). The motion continues that SORNA "denied procedural due processed[,]" because the "[l]egislature expressly dictates that the determination of which convictions trigger inclusion is based upon an

_____

[4] According to Article I, Sections 1 and 11 of the Pennsylvania Constitution:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and **reputation**, and of pursuing their own happiness. . . .

> All courts shall be open; and every man for an injury done him in his lands, goods, person or **reputation** shall have remedy by due course of law, and right and justice administered without sale, denial or delay.

PA. CONST. art. I, §§ 1, 11 (emphasis added).

automatic presumption of future danger[.]" *Id.* at 15-16 § A.3. (citing 42 Pa.C.S. § 9799.11(a)(4)[5]).

The post-sentence motion also argued that SORNA is punitive and questioned whether it "is rationally related to the intended goal . . . of protecting the safety and general welfare of the citizen . . . from 'high risk' recidivists" given the "contrary scientific studies" on the rate of recidivism among sexual offenders. *Id.* at 17, 19 § II[6] (citing 42 Pa.C.S. § 9799.11(b)(1);[7] *Commonwealth v. Muniz*, 164 A.3d 1189, 1216-17 (Pa. 2017) (plurality)).

_____

[5] SORNA's legislative findings state: "Sexual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a)(4).

[6] The first section of Appellant's brief in support of his post-sentence motion is labelled "A." and the second section is labelled "II."

[7] SORNA's declaration of policy states:

> It is the intention of the General Assembly to substantially comply with the Adam Walsh Child Protection and Safety Act of 2006 and **to further protect the safety and general welfare of the citizens of this Commonwealth** by providing for increased regulation of sexual offenders, specifically as that regulation relates to registration of sexual offenders and community notification about sexual offenders.

*Id.* § 9799.11(b)(1) (emphasis added).

On September 16, 2019, the trial court denied the post-sentence motion. On October 15, 2019, Appellant filed this timely direct appeal.[8]

Appellant presents the following issues for our review:

1.    Does registration under Act 29[9] violate substantive due process under Article 11 [*sic*] of the Pennsylvania Constitution because it deprives individuals of the fundamental right to reputation and fails to satisfy strict scrutiny?

2.    Does registration under Act 29 deny [Appellant] due process under Articles 1 and 11 [*sic*] of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation?

3.    Does registration under Act 29 deny [Appellant] procedural due process under the Pennsylvania and Federal Constitutions because it unlawfully impinges the right to reputation without notice and an opportunity to be heard?

4.    Does registration under Act 29 constitute criminal punishment and therefore violate the separation of powers doctrine because it usurps exclusive judicial adjudicatory and sentencing authority?

5.    If registration under Act 29 is punishment, does the imposition of mandatory sex offender registration for the instant offense constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution?

6.    If registration under Act 29 is punishment, does it contravene the 5th, 6th and 14th Amendments of the United States Constitution and the corresponding protections of the

_____

[8] Appellant filed his statement of errors complained of on appeal on November 5, 2019. The trial court entered its opinion on November 8, 2019.

[9] On June 12, 2018, the General Assembly passed Act 29 of 2018, re-enacting and amending SORNA; it was immediately effective. **See** P.L. 140, No. 29, §§ 1-23.

Pennsylvania Constitution because not every fact necessary to support the imposition of a mandatory minimum sentence must be found by a jury beyond a reasonable doubt?

Appellant's Brief at 4-5.

During the pendency of Appellant's appeal, the Supreme Court of Pennsylvania decided *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020). Appellant's claims on appeal are identical to those raised in *Torsilieri*. *Id.* at 585-88. In particular, Appellant's first three SORNA-related challenges claim that SORNA deprives him of procedural due process, because SORNA creates an irrebuttable presumption of recidivism,[10] consequently depriving him of his right to his reputation[11] without notice and an opportunity to be heard. Appellant's Brief at 4 ¶¶ 1-3 & at 11-37.

In *Torsilieri*, 232 A.3d 567, our Pennsylvania Supreme Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. *See also Commonwealth v. Mickley*, 240 A.3d 957, 962 (Pa. Super. 2020). The Pennsylvania Supreme Court concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders'

---

[10] *See* 42 Pa.C.S. § 9799.11(a)(4).

[11] *See* PA. CONST. art. I, §§ 1, 11.

constitutional rights." ***Torsilieri***, 232 A.3d at 585; ***see also Mickley***, 240 A.3d at 962. Our Supreme Court continued:

> We recognize that the . . . parties relied upon our recent statement in ***Muniz***, rejecting [ ] expert evidence calling into question the legislature's assessment of sexual offender recidivism risks and the effectiveness of tier-based registration systems. In light of this reliance, we emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence. **Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights.**
>
> Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements. . . . Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the Commonwealth] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

***Torsilieri***, 232 A.3d at 595-96 (emphasis added) (internal citation and quotation marks omitted); ***see also Mickley***, 240 A.3d at 962-63.

In the current action, despite Appellant's request for a hearing to offer evidence on the presumption of dangerousness and whether SORNA is rationally related to its intended goal, no evidence was presented on his post-sentence motion. Accordingly, pursuant to ***Torsilieri***, we vacate the order

denying Appellant's post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above.[12]

Order denying post-sentence motion vacated. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/21

---

[12] As we vacate for the above reasons, we need not reach Appellant's additional claims arguing that SORNA is punitive. **See** Appellant's Brief at 4-5 ¶¶ 4-5 & at 37-66. We note that, during the pendency of this appeal, the Supreme Court decided **Commonwealth v. Lacombe**, 234 A.3d 602, 626 (Pa. 2020), holding that "Subchapter I does not constitute criminal punishment[.]" However, Appellant's registration requirements are controlled by Subchapter H, not Subchapter I, and **Lacombe** hence is inapplicable to the current matter.