J-S09024-20

2020 PA Super 233

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
STEVEN MARK MICKLEY :
:
Appellant : No. 1258 EDA 2019

Appeal from the Judgment of Sentence Entered January 9, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003143-2018

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.[*]

OPINION BY LAZARUS, J.: Filed: September 24, 2020

Steven Mark Mickley appeals from the judgment of sentence, entered in
the Court of Common Pleas of Lehigh County, following his convictions of
sexual abuse of children/dissemination of child pornography[1] and sexual
abuse of children/possession of child pornography.[2] After our review, we
vacate and remand.

In February 2018, following an investigation by the Bethlehem Police
Department, police executed a search warrant at Mickley's residence. Police
retrieved child pornography from Mickley's computer, including various
images of toddlers being sexually abused.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6312(c).

[2] 18 Pa.C.S.A. § 6312(d).

On October 17, 2018, Mickley entered a negotiated guilty plea to the abovementioned charges. The court ordered a presentence investigation (PSI) and a Sexual Offenders Assessment Board (SOAB) evaluation. On January 4, 2019, Mickley filed a motion to bar application of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42.[3] Following argument, the court denied the motion.

_____

[3] SORNA was originally enacted on December 20, 2011, effective December 20, 2012. **See** Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, **see** Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, **see** Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. As our Supreme Court recently explained in **Commonwealth v. Torsilieri**, --- A.3d ---, 2020 WL 3241625 (Pa. filed June 16, 2020),

> Act 10 split SORNA, which was previously designated in the Sentencing Code as Subchapter H, into two subchapters. *Revised Subchapter H applies to crimes committed on or after December 20, 2012*, whereas Subchapter I applies to crimes committed after April 22, 1996, but before December 20, 2012. *In essence, Revised Subchapter H retained many of the provisions of SORNA, while Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012*, in an attempt to address this Court's conclusion in [**Commonwealth v.**] **Muniz**[, 164 A.3d 1189 (Pa. 2017)] that application of the original provisions of SORNA to these offenders constituted an *ex post facto* violation.

**Id.** at *11 (emphasis added). Subchapter I was designed to ensure that those required to retroactively register under SORNA—and therefore entitled to relief following **Muniz**—will still have to do so. Because Mickley was convicted of offenses committed after December 20, 2012, Subchapter H applies and *ex*

The court sentenced Mickley to a term of imprisonment of twelve months, less one day, to twenty-four months, less one day, followed by five years' probation. The SOAB determined Mickley was not an SVP; however, pursuant to SORNA, Mickley was classified as a Tier II sex offender, which required that he register for a period of twenty-five years. 42 Pa.C.S.A. § 9799.12, 14(c).

Mickley filed a timely post-sentence motion, seeking to bar application of SORNA. The court held a hearing on the motion on April 1, 2019, and, thereafter, denied Mickley's motion. Mickley filed this timely appeal. Both Mickley and the trial court have complied with Pa.R.A.P. 1925. Mickley raises seven issues for our review:

1. Whether SORNA (Act 10) denies the appellant due process under the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses[,]" depriving those individuals of their fundamental right to reputation without notice and an opportunity to be heard?

2. Whether SORNA (Act 10) denies the appellant procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

3. Whether SORNA (Act 10) violates substantive due process under the state and federal constitutions, U.S. Const. Amend. XIV; Pa. Const. Art. I, § 1, because SORNA deprives

_____

*post facto* principles have no application to his sentence. The ***Torsilieri*** Court refers to Subchapter H as Revised Subchapter H.

- 3 -

individuals of inalienable rights and fails to satisfy strict scrutiny?

4. Whether the recent amendment to SORNA, Act 10, is in all material respects identical to SORNA and therefore a punitive law?[4]

5. Does SORNA (Act 10), as a penal law, violate the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

6. Whether SORNA (Act 10) contravenes the 5th, 6th and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution because[,] as a criminal punishment, SORNA cannot be imposed without due process, notice and opportunity to contest its imposition and ensuring that each fact necessary to support the mandatory sentence and a sentence beyond the authorized statutory maximum is submitted to a jury and proven beyond a reasonable doubt pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Alleyne v. United States**, 1570 U.S. 99 (2013)?[5]

7. Whether the imposition of mandatory twenty-five (25)-year sex offender registration for all Tier II offenses under SORNA is a cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States

---

[4] Recently, in **Commonwealth v. Lacombe**, ___ A.3d ___, 2020 WL 4148262 (Pa. filed July 21, 2020), the Pennsylvania Supreme Court held that "Subchapter I does not constitute criminal punishment, and the *ex post facto* claims . . . necessarily fail." **Id.**, slip op. at 35. The instant case, like **Torsilieri**, raises constitutional challenges to Revised Subchapter H, which applies "to individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S.A. § 9799.11(c).

[5] The trial court's opinion relied on **Commonwealth v. Martin**, 205 A.3d 1247 (Pa. Super. 2019), to dispose of this issue. However, in **Martin**, the argument was presented in terms of **Apprendi**/**Alleyne**– the fact that defendant posed a high risk of recidivism was not proven beyond a reasonable doubt. There was no argument with respect to the fundamental right to reputation. The trial court (and the Commonwealth's brief on appeal) conflate the reputation issue and the **Apprendi**/**Alleyne** issue.

Constitution and Article I, Section 13 of the Pennsylvania Constitution?

Appellant's Brief, at 5-6.

At sentencing, counsel for Mickley raised and preserved the issue of whether Revised Subchapter H was punitive and whether it violated due process by creating an irrebuttable presumption that a sex offender is likely to reoffend. **See** N.T. Sentencing, 1/9/19, at 5-12. The court recognized the decision of the Chester County Court of Common Pleas in **Commonwealth v. Torsilieri**, No 15-CR-1570-2016, which found Act 10 (Revised Subchapter H) unconstitutional, was pending before the Pennsylvania Supreme Court at that time. **Id.**[6] At the conclusion of sentencing, the court issued an order from

---

[6] **See** 42 Pa.C.S.A. § 722(7) (relating to our Supreme Court's exclusive jurisdiction of appeals from final orders of the court of common pleas in matters where the court of common pleas has held, *inter alia*, a statute unconstitutional). In **Torsilieri**, the trial judge, the Honorable Anthony J. Sarcione, provided a comprehensive review of the various substantive and procedural due process claims, in particular, the irrebuttable presumption/reputation issue, also at issue here. The court applied the constitutionality of irrebuttable presumptions test and concluded: (1) the label of high-risk sex offender impacts one's fundamental right to reputation; (2) the evidence presented to the court demonstrates the presumption that all sex offenders pose a high risk of reoffending is not universally true (the court cites to numerous studies, and points out that the fact that some studies may suggest otherwise illustrates the point that the presumption is not universally true); and (3) reasonable alternatives exist to accomplish the legislative goal (ascertaining the likelihood of reoffending/reducing sexual offense recidivism), i.e., risk assessment tools, specialized treatment programs and professional support systems. The court cited to **In re J.B.**, 107 A.3d 1 (Pa. 2014), where our Supreme Court determined SVP assessments could ascertain the risk of sex offense recidivism for juveniles nearing adulthood, and thus "it is no great leap to conclude that the application of individualized risk assessments via a pre-deprivation hearing of adult offenders is not only possible, but is also

the bench denying Mickley's motion to bar application of SORNA. *See* N.T. Sentencing, *supra* at 12. Mickley filed a timely post-sentence motion, incorporating by reference the reasoning of the common pleas court's decision in *Torsilieri*. *See* Motion for Modification of Sentence to Bar Application of Registration, 1/15/19, at 3. The court scheduled a hearing for April 1, 2019. At the outset of the hearing, the court stated the matter "is really a question of argument." *See* N.T. Post-Sentence Motion Hearing, 4/1/20, at 3. The Court continued: "And partly, I scheduled today's date to see if there would be any change in the law from the date of the sentencing to today. I think it's fair to say that there has not been a change of the law." *Id.* Counsel for Mickley argued as follows:

> MR. COLLINS: We are still dealing with Subchapter H. And the change there is that it applied to the cases that occurred after December 20th, 2012. . . . What [the court of common pleas in] Torsilieri did was look at [Subchapter H] in the prism of Muniz and say, look it still constitutes a punishment using the Mendoza/Martinez factors regarding punishment, whether it's affirmative disability or restraint, historical regards, traditional aims of punishment, was the behavior already criminal under the alternative means of addressing it and was the– was the statute excessive. And they did the balancing in light of what Muniz said about SORNA, pre-[A]ct 10 interpreted it after these changes made with Act 10 and said on balance it's– it is still a punishment[.]

---

actually available to the criminal justice system, and constitutes a reasonable, more effective alternative for identifying high-risk recidivists and reducing sexual re-offending than the draconian public shaming/warning procedures, so reminiscent of colonial-age stocks and scarlet letters, currently in place for all adult sexual offenders regarding of risk under SORNA." *Commonwealth v. Torsilieri*, No 15-CR-1570-2016, at 49.

* * *

THE COURT: And you concede, of course, that ***Torsilieri*** right now has no pre[ce]dential value because it's a [c]ourt of [c]ommon [p]leas decision.

MR. COLLINS: Oh, I understand. I know I am going to lose today.

THE COURT: Right.

MR. COLLINS: I understand that. I just wanted to preserve the issue. . . . The only other thing I wanted to bring up in the Torsilieri opinion is that . . . they actually had a hearing on the Post-Sentence Motion, they actually– they presented affidavits from a number of experts regarding whether the purpose of SORNA is being served and that is to protect the public and ensure the safety of the public. And also, whether . . . it's punitive. *And the studies indicate that the – and I want to incorporate them into my argument and that is that sexual offenders have less a rate of recidivism then the general population– criminal justice population. They are less likely to recidivate yet, the statute unfairly tags them, our argument[] as a potential threat in the future to reoffend and that [a]ffects the reputation, it's an unconstitutional –*

MR. EDWARDS: Judge, I just wanted to say . . . that Attorney Collins would like to incorporate studies and stuff like that, but I haven't seen them so I would object to any of that stuff.

THE COURT: Whether they are studies or not studies really comes down to what the Supreme Court is going to do –

***Id.*** at 7-19 (emphasis added). At that point, the court issued an order from the bench denying Mickley's motion to bar application of SORNA.

While Mickley's case was pending on appeal to this Court, our Supreme Court decided ***Commonwealth v. Torsilieri***, --- A.3d ---, 2020 WL 3241625 (Pa. filed June 16, 2020). Mickley's claims on appeal are identical to those

raised by the Commonwealth in *Torsilieri*.[7]  As these constitutional challenges

pertain to Subchapter H, and not Subchapter I, the Court's recent decision in

---

[7] Of note, Mickley first argues Revised Subchapter H deprives him of procedural due process because it creates an irrebuttable presumption of recidivism, thus depriving him of his right to his reputation without notice and opportunity to be heard.  The legislative findings explicitly state that sexual offenders "pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest."  42 Pa.C.S.A. § 9799.11(a)(4).  Article I, § 1, cited by Mickley, reads:  "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."  Pa.Const. Art. I, § 1.  Article I, §11, also cited by Mickley, is Pennsylvania's open courts requirement.  That declaration provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay.  Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa.Const. Art. 1, § 11.  In *R. v. Department of Public Welfare*, 636 A.2d 142, 149 (Pa. 1994), the Pennsylvania Supreme Court held that:

> [I]n Pennsylvania, reputation is an interest that is recognized and protected by our highest state law; our Constitution.  Section 1 and 11 of Article I makes explicit reference to "reputation," providing the basis for this Court to regard it as a fundamental interest which cannot be abridged without compliance with constitutional standards of due process and equal protection.

*Id.* at 146.  Accordingly, reputation is among the fundamental rights that cannot be abridged without compliance with state constitutional standards of due process.  *Id.*  Mickley contends the presumption, that "[s]exual offenders pose a high risk of committing additional sexual offenses[,]" 42 Pa.C.S.A. § 9799.11(a)(4), is not universally true and a reasonable alternative means of ascertaining that presumed fact [is] available."  *Commonwealth, Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1063 (Pa.

*Lacombe* is not applicable, **see supra** n.4, and, as the **Torsilieri** Court

acknowledged, "Subchapter I imposed arguably less onerous requirements on

those who committed offenses prior to December 20, 2012[.]" **Torsilieri**,

supra at *11.

The **Torsilieri** Court did not reach the merits of any of the constitutional

claims at issue, determining instead that the factual record was not sufficiently

developed in the trial court. The Court concluded a remand was appropriate

"to allow the parties to address whether a consensus has developed to call

into question the relevant legislative policy decisions impacting offenders'

constitutional rights." **Id.** at *13. The Court stated:

> We recognize that the Commonwealth parties relied upon our
> recent statement in **Muniz**, rejecting [ ] expert evidence calling
> into question the legislature's assessment of sexual offender
> recidivism risks and the effectiveness of tier-based registration
> systems. In light of this reliance, we emphasize that all cases are
> evaluated on the record created in the individual case. Thus, a
> court need not ignore new scientific evidence merely because a
> litigant in a prior case provided less convincing evidence. *Indeed,*
> *this Court will not turn a blind eye to the development of scientific*
> *research, especially where such evidence would demonstrate*
> *infringement of constitutional rights.*
>
> Nevertheless, we also emphasize that it will be the rare situation
> where a court would reevaluate a legislative policy determination,
> which can only be justified in a case involving the infringement of

_____

1996). Mickley suggests that empirical risk-based assessments and SVP assessments exist for determining whether sexual offenders are likely to reoffend. **See** Appellant's Brief, at 12-13. **Cf. Commonwealth v. Lee**, 935 A.2d 865, 885 (Pa. 2007) (observing in regard to adult sexual offenders that "[t]here is little question that the threat to public safety and the risk of recidivism among sex offenders is sufficiently high to warrant careful record-keeping and continued supervision.").

constitutional rights and a consensus of scientific evidence undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that "the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."

\* \* \*

Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the Commonwealth] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id.* at \*21 (emphasis added) (citations omitted).

Here, despite defense counsel's attempt, no evidence was presented at the hearing on Mickley's post-sentence motion. Thus, in accordance with *Torsilieri*, we vacate the order denying Mickley's post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislation determinations discussed above.

Vacated and remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/20