J-S22007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER J. ARRIGO | : | |
| | : | |
| Appellant | : | No. 1014 MDA 2018 |

Appeal from the Judgment of Sentence Entered February 6, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0001408-2016

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 31, 2020**

Appellant, Christopher J. Arrigo, appeals from the judgment of sentence entered following his convictions of indecent assault and false imprisonment.[1] At the time of sentencing, the trial court deemed Appellant to be a Tier-II offender and ordered Appellant to comply with the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§9799.10 *et seq.*, as modified by Act 10 and Act 29 of 2018 ("SORNA II").  Upon careful review, we affirm in part and vacate the portion of Appellant's judgment of sentence deeming him to be a Tier-II offender under SORNA II, and remand for further proceedings consistent with this memorandum.

_____

[1] 18 Pa.C.S. §§ 3126(a)(4) and 2903(a), respectively.

_____

\*   Retired Senior Judge assigned to the Superior Court.

On October 17, 2017, Appellant pled guilty to the crimes stated above. On February 6, 2018, the trial court sentenced Appellant to serve a term of incarceration of nine to twenty-three months for the crime of indecent assault. Appellant was further sentenced to serve a consecutive two year term of probation for the conviction of false imprisonment. The trial court also notified Appellant of his obligation to register as a Tier-II offender under SORNA II for his conviction of indecent assault.

On February 16, 2018, Appellant filed a post-sentence motion to modify the SORNA II registration requirements of his sentence. A short hearing was held on March 13, 2018. At the conclusion of the hearing, the trial court ordered the parties to file briefs in support of their positions. On May 24, 2018, after the filing of the briefs, the trial court denied Appellant's motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Did The February 21, 2018 Amendments To SORNA, Specifically Subchapter H, Change SORNA To The Extent That It Is Now Non-punitive Such That It Could Be Legally Applied To Mr. Arrigo?

II. Is Mr. Arrigo's Sentence Of Twenty-five (25) Years Of Punishment Pursuant To SORNA Illegal As SORNA Is Not A Sentencing Alternative Authorized By Section 9721 Of The Judicial Code And The Trial Court Therefore Lacked Authority To Impose Such Sentence?

III. Is Mr. Arrigo's Sentence Of Twenty-five (25) Years Of Punishment Pursuant To SORNA Illegal As The Statutory Maximum For a Misdemeanor Of The First Degree As Codified At Section 1104(1) Of The Crimes Code Is Five (5) Years?

IV. Is Mr. Arrigo's Sentence Of Twenty-five (25) Years Of Punishment Pursuant To SORNA A Violation Of Both The Sixth And Fourteenth Amendments To The United States Constitution As The Penalty Imposed Was Increased Beyond The Prescribed Statutory Maximum Based Upon The General Assembly's Factual Determination That Defendant "Pose[s] A High Risk Of Committing Additional Sexual Offenses," 42 Pa.C.S. § 9799.11(a)(4), A Fact That Was Not Submitted To The Jury Nor Proven Beyond A Reasonable Doubt As Required By Apprendi v. New Jersey, 530 U.S. 466 (2000).

V. Does SORNA Deny Petitioner Due Process To His Fundamental Right Of Reputation Under Article I, Section I Of The Pennsylvania Constitution Because It Creates An Irrebuttable Presumption That Those Convicted Of Enumerated Offenses "Pose A High Risk Of Committing Additional Sexual Offenses?"

Appellant's Brief at 5-6 (verbatim).

We address Appellant's issues together because they are claims akin to the constitutional challenges considered by our Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020). Therefore, **Torsilieri** guides our disposition in this case.

In **Torsilieri**, the Commonwealth appealed from the trial court's order deeming SORNA II unconstitutional under multiple legal theories pertaining to the registration and reporting requirements set forth in Subchapter H of the statute. More specifically, the trial court in **Torlilieri**:

concluded that the registration and notification provisions of Revised Subchapter H[2] violated [Torsilieri's] right to due process by impairing his right to reputation, as protected by the Pennsylvania Constitution, through the utilization of an irrebuttable presumption. The court also concluded that the

---

2  The Supreme Court uses the term "Revised Subchapter H" to refer to Subchapter H as it appears under SORNA II.

statute violated his right to due process under the United States and Pennsylvania Constitutions because the statutory system failed to provide the requisite notice and opportunity to be heard. It also concluded that Revised Subchapter H violated the separation of powers doctrine because the General Assembly's enactment of Revised Subchapter H essentially removed the trial court's ability to fashion an individualized sentence. Finally, the court held that the statute violated **Alleyne** and **Apprendi** by allowing "the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor premised upon proof beyond a reasonable doubt." The court, therefore, vacated [Torsilieri's] sentence to the extent it required him to comply with Revised Subchapter H's sexual offender registration provisions.

**Torsilieri**, 232 A.3d at ____ (citation omitted).

In order to resolve all of the constitutional challenges, the **Torsilieri** Court concluded that factual and credibility findings were necessary regarding whether "the legislative determinations underpinning Revised Subchapter H [of SORNA II] … (1) that all sexual offenders pose a high risk of recidivation and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sexual offenders … have been undermined by recent scientific studies…." **Torsilieri**, 232 A.3d at ____.

Our recent decision in **Commonwealth v. Mickley**, ____ A.3d ____, 2020 PA Super 233 (Pa. Super. filed September 24, 2020), recognized the following with regard to **Torsilieri** and its conclusion compelling a remand to the trial court for development of an evidentiary record:

The **Torsilieri** Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court

- 4 -

concluded a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id*. at *13. The Court stated:

> We recognize that the Commonwealth parties relied upon our recent statement in *Muniz*, rejecting expert evidence calling into question the legislature's assessment of sexual offender recidivism risks and the effectiveness of tier-based registration systems. In light of this reliance, we emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence*. Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights.*
>
> Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that "the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."
>
> * * *
>
> Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the Commonwealth] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id*. at *21 (emphasis added) (citations omitted).

*Mickley*, ___ A.3d at ___, 2020 PA Super. 233 at * 9-10.

Here, although the trial court held a short hearing to address Appellant's post-sentence motion, there was no evidence presented.  N.T., 3/13/18, at 2-3.  Rather, counsel for each party simply provided rudimentary arguments.  *Id*. at 2.  Immediately following counsels' comments, the trial court entered an order directing both parties to file briefs.  *Id*. at 3.  As with *Mickley*, there is no evidence of record to decide the issues before us.  Thus, following *Torsilieri* and *Mickley*, we vacate the order denying Appellant's post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislative determinations discussed above.  We affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence vacated in part and affirmed in part.  Case remanded for further proceedings consistent with this memorandum and *Torsilieri*.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2020

- 6 -