J-S16025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW SISLER | : | |
| | : | |
| Appellant | : | No. 1288 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 2, 2020
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002177-2018

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.:        Filed:  October 7, 2021

Respectfully, I dissent from the Majority decision to remand for further proceedings. Rather, I would uphold the trial court's decision to deny Appellant's post-sentence motion and would affirm the judgment of sentence.

Appellant's mere citation on appeal to **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) does not warrant relief.  Requiring the trial courts to hold a hearing every time an appellant baldly cites to **Torsilieri** without having presented any relevant evidence to support his challenge in the lower court puts a tremendous unnecessary burden on our trial judges.

Here, in the trial court below, Appellant failed to produce, attempt to produce, or refer to the existence of any evidence that would have supported a colorable challenge that the legislative finding in Revised Subchapter H of

_____

[*] Former Justice specially assigned to the Superior Court.

SORNA that sexual offenders "pose a high risk of committing additional sexual offenses" constitutes an unconstitutional irrebuttable presumption. *See* 42 Pa.C.S.A. § 9799.11(a)(4).

In his post-sentence motion, Appellant did not ask for an evidentiary hearing to develop his *Torsilieri* claim and did not argue that he should be allowed an opportunity to present scientific evidence to challenge SORNA's presumption that sex offenders are likely to reoffend. Instead, Appellant merely asserted that he should be released from his obligations to register under SORNA based on his citation of the decision of Court of Common Pleas of Chester County in *Commonwealth v. Torsilieri*, No. 15-CR-1570-2016 (Pa.Comm.Pls. 2016).

This Court has found that a defendant's failure to present scientific evidence to support his claim that the underlying legislative policy in Subchapter H infringes on his constitutional rights resulted in waiver as the appellant "failed to satisfy his burden to prove that Revised Subchapter H provisions applicable to him clearly, palpably, and plainly violate the constitution." *Commonwealth v. Manzano*, 237 A.3d 1175, 1182 (Pa.Super. 2020). *See also Commonwealth v. Mickley*, 240 A.3d 957 (Pa.Super. 2020) (finding trial court improperly denied the defendant an evidentiary hearing on his post-sentence motion when the defendant attempted to incorporate scientific studies to support his challenge to SORNA's legislative determination).

Moreover, our Court must be careful not to usurp the power of the Legislature. As specifically highlighted by the **Torsilieri** court:

[w]e emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence. Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights.

**Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination**. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that "**the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements**." **Shoul** [**v. Commonwealth, Dept. of Transportation**], [643 Pa. 302,] 173 A.3d [669,] 678 [(2017).]

**Torsilieri**, 232 A.3d at 595-96 (emphasis added).

While the trial court acknowledged the Court of Common Pleas decision in **Torsilieri**, the trial court noted that, at that time that it denied Appellant's post-sentence motion, there were no Superior Court or Supreme Court decisions that found SORNA to be unconstitutional on the basis that it violates a sexual offender's fundamental right to reputation.

As such, I respectfully dissent and would affirm the judgment of sentence.