J-A06012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CHITTESTER | : | |
| | : | |
| Appellant | : | No. 256 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000053-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALLEN CHITTESTER | : | |
| | : | |
| Appellant | : | No. 257 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000449-2018

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: JANUARY 04, 2023**

Appellant, Michael Allen Chittester, appeals from the aggregate judgment of sentence of 37½ to 75 years' incarceration, followed by 15 years' probation, imposed after he was convicted of various sexual offenses in two separate, but consolidated cases.[1]  Herein, Appellant solely challenges the

_____

[1] This Court *sua sponte* consolidated Appellant's appeals by *per curiam* order filed July 17, 2020.

constitutionality of Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA II").[2] After careful review, we affirm Appellant's judgment of sentence, but remand for further proceedings consistent with this memorandum decision.

We need not discuss the facts underlying Appellant's convictions. We only note that he was convicted of numerous sexual offenses — including rape of a child less than 13 years of age, aggravated assault, and involuntary deviate sexual intercourse — based on his "having oral and anal sex with his stepdaughter … when she was between the ages of five and ten." Appellant's Brief at 5. Appellant's offenses occurred in both Elk and McKean Counties, and took place between the dates of October 1, 2014, and October 6, 2018. *Id.* On December 12, 2019, the court imposed the aggregate sentence stated

_____

[2] *See* 42 Pa.C.S. §§ 9799.10-9799.42. We observe that SORNA was originally enacted on December 20, 2011, effective December 20, 2012. *See* Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, *see* Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, *see* Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective June 12, 2018 (Act 29 of 2018). Acts 10 and 29 of 2018 are generally referred to collectively as SORNA II. Through Act 10, as amended in Act 29, the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I. Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S. §§ 9799.10-9799.42.

*supra*. Appellant was not deemed to be a sexually violent predator, but he was notified that he is subject to lifetime registration as a Tier III sex offender under Revised Subchapter H of SORNA II. **See** 42 Pa.C.S. § 9799.14(d)(16).

Appellant filed a timely, post-sentence motion, which was denied on January 28, 2020. He then filed a timely notice of appeal, after which his counsel sought, and was granted, leave to withdraw. The court appointed new counsel for Appellant, and after delays due to the COVID-19 pandemic, counsel complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on August 20, 2020. Herein, Appellant raises five issues for our review:

A. Whether [SORNA II] violates substantive due process under Article 11 of the Pennsylvania Constitution because it deprives individuals of the fundamental right to reputation and fails to satisfy strict scrutiny?

B. Whether [SORNA II] violates due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation when this presumption is not universally true?

C. Whether lifetime registration under [SORNA II] denied Appellant procedural due process under the Pennsylvania and Federal Constitutions because it unlawfully impinges the right to reputation without notice and an opportunity to be heard?

D. Whether lifetime registration under [SORNA II] constitutes criminal punishment and[,] therefore[,] violates the separation of powers doctrine because it usurps exclusive judicial adjudicatory and sentencing authority?

- 3 -

E. Whether lifetime registration under [SORNA II] is punishment under the **Mendoza-Martinez**[3] test and it contravenes the 5th, 6th and 14th Amendments of the United States Constitution and the corresponding protections of the Pennsylvania Constitution, [**see**] **Apprendi** [**v. New Jersey**], [530 U.S. 466] (2000)[,] and **Alleyne** [**v. United States**], 570 U.S. 99 (2013), when not every fact necessary to support the imposition of a mandatory[-] minimum sentence must be found by a jury beyond a reasonable doubt?

Appellant's Brief at 4.

Appellant's issues all challenge the constitutionality of Revised Subchapter H of SORNA II. "The constitutionality of a statute presents a 'pure question of law,' over which our standard of review is *de novo*[,] and our scope of review is plenary." **Commonwealth v. Brooker**, 103 A.3d 325, 334 (Pa. Super. 2014). Moreover, our Supreme Court has declared:

In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." **In re J.B.**, … 107 A.3d 1, 14 ([Pa.] 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." **Id**.

**Commonwealth v. Torsilieri**, 232 A.3d 567, 575 (Pa. 2020).

As Appellant recognizes, the claims he raises herein mirror those addressed by our Supreme Court in **Torsilieri**. **See** Appellant's Brief at 16 ("[T]he issues raised by **Torsilieri** are controlling to Appellant's appeal."); **id.** at 17 ("Appellant currently raises the same issues as **Torsilieri**."). **See also**

_____

3 **Kennedy v. Mendoza-Martinez**, 372 U.S. 144 (1963).

Trial Court Opinion, 8/17/20, at 2 (finding that Appellant's "constitutional challenges are similar to what the Supreme Court of Pennsylvania addressed in **Torsilier**[*i*]") (unnumbered). There, Torsilieri challenged his registration requirements under Revised Subchapter H in post-sentence proceedings. The foundation of his arguments consisted of expert scientific evidence indicating that "sexual offenders generally have low recidivism rates and questioning the effectiveness of sexual offender registration systems[.]" **Torsilieri**, 232 A.3d at 574. Based largely upon this evidence, the trial court declared Revised Subchapter H unconstitutional under several interrelated theories, including that Subchapter H impaired Torsilieri's "right to reputation" under the Pennsylvania Constitution by utilizing an "irrebuttable presumption" that all registrants pose a high risk of recidivism. **Id**. at 574-75.

The **Torsilieri** trial court also concluded that Revised Subchapter H was "punitive" pursuant to the seven factors set forth in **Mendoza-Martinez**. **Id.** at 588-94. This conclusion "inevitably resulted" in a number of additional rulings:

> [T]he trial court concluded that (1) [Revised] Subchapter H violated the dictates of **Alleyne** … and **Apprendi** … because it subjected offenders to increased registration provisions without a jury determining that the offender posed a risk of future dangerousness beyond a reasonable doubt; (2) the registration periods constituted illegal sentences in excess of the statutory maximum terms of incarceration; (3) the provisions resulted in an excessive sentence in violation of the federal and state constitutional provisions related to cruel and unusual punishments; and (4) [Revised] Subchapter H violated the separation of powers doctrine by encroaching upon the judiciary's fact-finding and individualized sentencing responsibilities.

*Id.* at 594.

On direct appeal, our Supreme Court determined that the trial court had correctly considered Torsilieri's scientific evidence. *Id.* at 584. However, the Court ultimately remanded the case for further development of the record and arguments, reasoning:

> [A]s the trial court did not have the benefit of the opposing science, if any, the evidence currently in the record does not provide a sufficient basis to overturn the legislative determination. Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id.* at 596.

Pertinent to the instant case, after ***Torsilieri***, this Court decided ***Commonwealth v. Reslink***, 276 A.3d 1192 (Pa. Super. 2020), holding that Reslink's constitutional challenges to Revised Subchapter H were waived due to his failure to raise them in the trial court. Because, here, Appellant also did not assert his constitutional challenges to Revised Subchapter H in his post-sentence motion but, instead, presented them for the first time in his Rule 1925(b) statement, this panel originally concluded that Appellant had waived his claims for our review under the rationale of ***Reslink***.[4]

---

[4] The Honorable Daniel D. McCaffery filed a concurring statement, joined by this author and the Honorable Anne E. Lazarus, agreeing that we were bound by ***Reslink*** to find waiver, but urging our Supreme Court to consider whether constitutional challenges to a sentence are subject to waiver.

However, on June 22, 2022, our Supreme Court issued *Commonwealth v. Thorne*, 276 A.3d 1192 (Pa. 2022), expressly disapproving of *Reslink*, and holding that Thorne "did not waive his *Apprendi*-based and cruel and unusual punishment challenges to the lifetime registration requirement set forth in Revised Subchapter H by raising them for the first time in his brief to the Superior Court, because such claims implicate the legality of a sentence and, therefore, cannot be waived." *Thorne*, 276 A.3d at 1197-98. Following *Thorne*, Appellant filed a timely petition for allowance of appeal with our Supreme Court. On August 30, 2022, the Court granted Appellant's petition, vacated our panel decision, and remanded for us to reconsider our decision in light of *Thorne*. We now conclude that, under *Thorne*, Appellant's constitutional challenges to Revised Subchapter H implicate the legality of his sentence and, thus, are not waived based on his failure to raise them below. Accordingly, we will address the merits of Appellant's claims herein.

Again, Appellant acknowledges that his constitutional challenges to Revised Subchapter H mirror those presented in *Torsilieri*. They also are the same claims recently raised and addressed by this Court in *Commonwealth*

***v. Escabal***, No. 1928 EDA 2021, unpublished memorandum at *2-3 (Pa. Super. filed Oct. 11, 2022).[5]  There, the ***Escabal*** panel observed that,

> [t]his Court recently rejected claims asserting, as [Escabal] does, that we may venture beyond our Supreme Court's ruling in ***Torsilieri*** and uphold constitutional challenges to Revised Subchapter H as a matter of law in the absence of factual development: 1) demonstrating a consensus of scientific evidence disproving the legislature's presumptions concerning the risk of re-offense or 2) establishing the clear proof needed to overcome a statutory declaration that a provision is not punitive. ***See Commonwealth v. Wolf***, 276 A.3d 805, 813 (Pa. Super. 2022). Moreover, our Supreme Court has been clear that it has not yet declared that Revised Subchapter H is punitive in nature or that ***Apprendi***-based and cruel and unusual punishment challenges to registration under Revised Subchapter H will succeed on the merits. ***See … Thorne***, 276 A.3d [at] 1198 … ([stating that] "our decision [in ***Thorne***] does **not** in any way establish that Revised Subchapter H is punitive in nature and/or that [Thorne's] underlying [***Apprendi***-based and cruel and unusual punishment] claims will be successful on the merits") (emphasis added).[5] [Escabal] has not presented compelling reasons to depart from these recent pronouncements and we perceive none. Accordingly, we reject [Escabal's] request that we declare Revised Subchapter H in violation of constitutional principles and statutory provisions as a matter of law.
>
> > [5] Since the law in Pennsylvania presently holds that Revised Subchapter H is not punitive, [Escabal's] statutory claims, which rest on the contention that registration pursuant to Revised Subchapter H constitutes a criminal sentence, are without merit.

***Id.*** at *6.

---

[5]  ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Notably, Escabal "presented pre- and post-sentence motions challenging the validity of Revised Subchapter H," but "the trial court did not entertain evidence relating to those objections." **Id.** at *7. Thus, the **Escabal** panel "vacate[d] the orders denying [Escabal's] pre- and post-sentence motions and remanded for further proceedings at which the parties [could] present evidence for and against the relevant legislative determinations and the challenges discussed above." **Id.** (citing **Commonwealth v. Mickley**, 240 A.3d 957, 963 (Pa. Super. 2020) (vacating the order denying post-sentence motion and remanding for evidentiary hearing at which the parties could submit evidence pertinent to legislative determinations and application of Revised Subchapter H)).

Here, by contrast, Appellant never presented his constitutional challenges to Revised Subchapter H to the trial court in a pre- or post-sentence motion.[6] Nevertheless, considering our Supreme Court's holding in **Thorne** that Appellant's issues constitute non-waivable challenges to the legality of his sentence, we believe it is appropriate to remand to the trial court for Appellant to have the opportunity to file, within 10 days of the date of this memorandum decision, a *nunc pro tunc* post-sentence motion asserting his constitutional challenges to Revised Subchapter H. If Appellant does so, the court shall hold a hearing to "provide both parties an opportunity to develop

---

[6] We note that, unlike in **Escabal**, the Court's decision in **Torsilieri** was filed months **after** Appellant's judgment of sentence was imposed and the time expired for him to file a post-sentence motion.

- 9 -

arguments and present additional evidence" so that the court may then "weigh that evidence in determining whether [Appellant] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H." *Torsilieri*, 232 A.3d at 596.

Judgment of sentence affirmed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/04/2023