J-A10032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
               :        PENNSYLVANIA
               :
       v.            :
               :
               :
SAMIR SAUNDERS           :
               :
       Appellant        :        No. 1679 EDA 2019

Appeal from the Judgment of Sentence Entered April 26, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002212-2018

BEFORE:    BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:        **FILED: MARCH 22, 2021**

Appellant, Samir Saunders, appeals from the judgment of sentence
entered on April 26, 2019, in the Court of Common Pleas of Bucks County.
We affirm the judgment of sentence but vacate the order denying Appellant's
post-sentence motion that challenged the constitutionality of the Sexual
Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-
9799.42, and remand for further proceedings on these challenges.

On April 26, 2018, the Commonwealth filed an information charging
Appellant with two counts each of indecent assault of a person less than
thirteen years of age, indecent assault by forcible compulsion, and corruption

_____

[*] Retired Senior Judge assigned to the Superior Court.

of minors-defendant age eighteen or above.[1]  The charges stemmed from contact Appellant had with two minor relatives between March 9, 2016, and February 10, 2018.

In the late summer of 2018, several unrelated defendants filed motions before the Court of Common Pleas of Bucks County challenging the constitutionality of Subchapter H of Act 29, which is the current iteration of SORNA.  Those motions were consolidated for argument before an *en banc* panel of the Court of Common Pleas, which was held on September 17, 2018.  On November 5, 2018, while disposition by the *en banc* panel was pending, Appellant filed a presentence motion to bar application of SORNA, wherein Appellant raised the same constitutional claims as presented in the *en banc* litigation.

On November 7, 2018, Appellant pled guilty to the two counts of indecent assault of a person less than thirteen years of age and two counts of corruption of minors-defendant age eighteen or above.  The two counts of indecent assault by forcible compulsion were *nol prossed*.  The trial court deferred sentencing pending the completion of an assessment by the Sexual Offender Assessment Board ("SOAB").

In the interim, on December 17, 2018, the *en banc* panel of the Court of Common Pleas filed a memorandum opinion holding that the current version

---

[1] 18 Pa.C.S. §§ 3126(a)(7), 3126(a)(2), and 6301(a)(1)(ii), respectively.

of SORNA, as amended by Act 29, was punitive and, therefore, unconstitutional. The Commonwealth filed a motion for reconsideration, arguing that even if Act 29 was punitive, it is not unconstitutional. The Commonwealth further noted that the *en banc* court's determination failed to identify the constitutional provision violated as a result of Act 29 being deemed punitive.

On March 18, 2019, the *en banc* panel filed an order clarifying the implications of the court's December 17, 2018 determination. Specifically, the court's March 18, 2019 order vacated the portion of the December 17, 2018 memorandum opinion that held Act 29 to be unconstitutional. The *en banc* court further clarified that although punitive, Subchapter H of Act 29 is constitutional except as to sexually violent predator ("SVP") determinations.

On April 26, 2019, Appellant appeared before the trial court for sentencing. At that time, it was indicated that the SOAB determined that Appellant was not an SVP. N.T., 4/26/19, at 3-4. At the sentencing hearing, Appellant presented evidence of his intellectual disability and argued that "this case presents a case where, on an as-applied analysis, a SORNA registration would constitute cruel and unusual punishment. It would constitute imposing requirements on someone beyond their abilities." *Id*. at 28. Appellant posited that application of the statute does not serve any legitimate purpose. *Id*. Ultimately, the trial court rejected Appellant's argument, sentenced him to

serve a term of probation of forty-eight months, and determined Appellant to be a Tier-III offender.

On May 2, 2019, Appellant filed a timely post-sentence motion, which the trial court denied on May 16, 2019. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we have reordered:

> A. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements, as applied to Appellant's unique circumstances based on his longstanding disabilities, lifetime support staff, and other established circumstances, violated his United States and enhanced Pennsylvania Constitutional Protections in violation of his substantive Due Process rights, procedural Due Process rights, Equal Protection rights, and the bar against cruel and unusual punishment?

> B. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States Constitution and the enhanced protections under the Pennsylvania Constitution on its face and as applied?

> C. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated the United States and Pennsylvania Constitution Due Process prohibition against ex post facto laws?

> D. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutional Due Process protections because it deprives Appellant of the Right to Reputation under the Pennsylvania Constitution, it creates an irrebuttable presumption, treats all offenders universally as high-risk, violates individualized punishment, overly inclusive of offenders and charges, ignores reasonable alternative means exist to identify offender risk, denies any meaningful opportunity to be heard, exceeds the least restrictive means requirement, and otherwise violates substantive Due Process protections?

- 4 -

E. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions as it constitutes cruel and unusual punishment where registration is based upon empirically false myths, fails to deter first time offenders, fails to reduce recidivism, threatens public safety, forces registrants and their families to suffer, creates an impassable barrier to reintegration into law-abiding society, and fails to address each offender individually?

F. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violate the United States and Pennsylvania Constitutions' Separation of Powers Doctrine, as it gave judicial powers to the Legislature and Pennsylvania State Police?

G. Whether the Lower Court erred when it failed to find that ACT 29 and its registration requirements violated United States and Pennsylvania Constitutions' Due Process provisions as it increased the maximum sentence without proof beyond a reasonable doubt to a jury in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and that said provisions are not severable?

Appellant's Brief at 4-6 (reordered for purposes of disposition).

Appellant first argues that the registration provisions of SORNA as applied to him result in a violation of his constitutional rights due to his intellectual disabilities. Appellant's Brief at 46-52. Specifically, Appellant claims that application of SORNA results in due process and equal protection violations. Appellant asserts that his disabilities unintentionally will prevent him from complying with SORNA registration requirements.

We need not reach the merits of Appellant's first issue because the argument section of his brief attempting to address this claim consists of factual statements pertaining to his disability unsupported by any discussion and analysis of relevant legal authority. Appellant's Brief at 46-52. Thus,

upon review of the argument presented by Appellant, we conclude that it is waived.

Pennsylvania Rule of Appellate Procedure 2119 addresses the argument section of appellate briefs and provides, in part, as follows:

**Rule 2119. Argument**

**(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have…such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Moreover, we are well aware of the following requirements incumbent upon all appellants pertaining to the appropriate presentation of an appellate argument:

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

*Commonwealth v. Richard*, 150 A.3d 504, 513-514 (Pa. Super. 2016) (quoting *Coulter v. Ramsden*, 94 A.3d 1080, 1088-1089 (Pa. Super. 2014) (citations and quotation marks omitted)).

Here, the argument portion of Appellant's brief does not contain meaningful discussion of or citation to relevant legal authority. Appellant's

Brief at 46-52. Specifically, the portion of the argument pertaining to Appellant's first issue contains one citation to case law regarding "[a]n as applied claim of unconstitutionality" addressing application of a statute. Appellant's Brief at 46 (quoting **Commonwealth v. Brown**, 26 A.3d 485 (Pa. Super. 2011)). Appellant's argument with regard to this issue consists of recitation of Appellant's uncontested intellectual limitations, which Appellant asserts conflict with his ability to follow the SORNA registration requirements.[2] **Id**. at 47-52. However, completely lacking from this section is any citation to or discussion of relevant legal authority on the issue. This form of argument amounts to mere issue spotting. Hence, the lack of analysis precludes our meaningful appellate review. Accordingly, because Appellant's argument on this issue fails to set forth any meaningful discussion of relevant legal authority, we conclude that this claim is waived.[3]

---

[2]  We observe that Appellant states, "Due to the length of this brief, the constitutional provisions and caselaw [sic] will not be restated, but rather this portion of the ["]as applied analysis["] will set forth specifically why the onerous requirements of registration constitute cruel and unusual punishment as it relates to this intellectually disabled person, are overly broad, fails to be narrowly tailored, and otherwise violates Appellant's rights under Substantive Due Process, Procedural Due Process, and Equal Protection under the law." **Id**. at 46-47.

[3]  Our research has failed to discover any case law that supports Appellant's claim. Indeed, as the Commonwealth states, "The only punishment from which intellectually disabled criminal defendants are currently exempt is the death penalty." Commonwealth's Brief at 19 (citing **Atkins v. Virginia**, 536 U.S. 304 (2002)).

In his remaining six issues, Appellant raises challenges to the constitutionality of the order requiring him to register under SORNA as a Tier-III offender. However, these issues are not ripe for review.

***Commonwealth v. Mickley***, 240 A.3d 957 (Pa. Super. 2020), instructs that the proper remedy herein is to remand for an evidentiary hearing on Appellant's challenges to SORNA. In ***Mickley***, this Court observed that the appellant's constitutional challenges to SORNA were identical to arguments raised in ***Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020). The ***Torsilieri*** Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court in ***Torsilieri*** concluded that a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." *Id*. at 587. Based on ***Torsilieri***, ***Mickley*** held:

> Here, despite defense counsel's attempt, no evidence was presented at the hearing on Mickley's post-sentence motion. Thus, in accordance with ***Torsilieri***, we vacate the order denying Mickley's post-sentence motion and remand for a hearing at which the parties can present evidence for and against the relevant legislation determinations discussed above.

***Mickley***, 240 A.3d at 963; ***see also Commonwealth v. Asher***, ___ A.3d ___, 2020 PA Super 293, at *4 (Pa. Super. filed December 21, 2020) (citing ***Torsilieri*** and ***Mickley*** and concluding that where the defendant preserved his constitutional challenges to SORNA, but the trial court denied relief without

developing a factual record, remand was proper for a hearing at which the parties could present evidence for and against relevant legislative determinations).

Upon review of the record, we conclude that the same remedy is appropriate here. As noted by the Commonwealth, the SORNA issues raised by Appellant are the same as those raised in *Torsilieri*. Commonwealth's Brief at 20 n.8.

On November 5, 2018, Appellant filed a presentence motion seeking to bar application of SORNA, wherein Appellant raised the same constitutional challenges as presented in the *en banc* litigation. At Appellant's sentencing hearing held April 26, 2019, Appellant's counsel incorporated into the record the various constitutional arguments challenging SORNA that had been presented to the *en banc* panel of the Court of Common Pleas. N.T., 4/26/19, at 27-28. However, there was no evidence addressing these challenges presented at the hearing. Rather, counsel for each party provided rudimentary arguments pertaining to mitigating and aggravating factors of sentencing, which were focused upon Appellant's intellectual disabilities and the circumstances of the crimes. *Id*. at 28-33. At the conclusion of the sentencing hearing, the trial court imposed Appellant's judgment of sentence and failed to address Appellant's constitutional challenges to SORNA. *Id*. at 33-36. Thereafter, Appellant filed a post-sentence motion, which the trial court denied without a hearing.

As with **Mickley**, there is no evidence of record to decide the issues before us. Hence, following **Torsilieri** and **Mickley**, the proper remedy under these circumstances is to remand for a hearing at which the parties can present evidence relating to Appellant's SORNA arguments. Otherwise, we affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence affirmed. Order denying post-sentence motion vacated and case remanded for proceedings consistent with **Torsilieri**. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/21