J-S19028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOJIT LAMBUS ESCABAL | : | |
| | : | |
| Appellant | : | No. 1928 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 13, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002666-2020

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 11, 2022**

Appellant, Jojit Lambus Escabal, appeals from the judgment of sentence entered on August 13, 2021, in the Criminal Division of the Court of Common Pleas of Lehigh County, as made final by the denial of Appellant's post-sentence motion on August 24, 2021.  Citing various constitutional and statutory grounds, Appellant objects to his obligation to register as a sex offender pursuant to Revised Subchapter H of Pennsylvania's Sex Offender Registration and Notification Act (Revised Subchapter H), 42 Pa.C.S.A. §§ 9799.10-9799.42.  Appellant requests relief in three ways.  First, Appellant asks this Court to declare, as a matter of law and without further factual development, that Revised Subchapter H is invalid and that he should not have to comply with its registration requirements.  If Appellant cannot prevail

_____

[*] Former Justice specially assigned to the Superior Court.

on this claim, he asks, in the alternative, that we remand this matter to the trial court to allow the introduction of evidence in support of his challenges to Revised Subchapter H. Lastly, on the strength of observations made by our Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020), Appellant asserts that, on remand, he is likely to succeed on the merits of his challenges to Revised Subchapter H and, as such, he is entitled to a stay of his registration obligations.

We reject Appellant's claims to the extent he maintains we may invalidate Revised Subchapter H as a matter of law and without further factual development before the trial court. Moreover, since Pennsylvania jurisprudence, at present, offers Appellant no clear path to success on the merits of his claims, we reject Appellant's request that we stay his obligation to register as a sex offender under Revised Subchapter H. In view of these determinations, we affirm Appellant's judgment of sentence and deny his application for a stay of his registration duties. Nevertheless, in accordance with **Torsilieri** and the precedents of this Court, we vacate the orders denying Appellant's pre- and post-sentence motions, which challenged the application of Revised Subchapter H before the trial court, and remand for further proceedings consistent with this memorandum.

The historical facts are undisputed. In January 2019, the Lehigh County Computer Crimes Task Force (LCCCTF) received information alleging that child pornography was uploaded to the internet through the Facebook social media platform. Through Facebook, Scott McCullough, a detective with LCCCTF,

identified Appellant as the suspected user. Appellant was interviewed by police and admitted using Facebook Messenger to disseminate images of child pornography. He also admitted that the Facebook account used to disseminate the pornographic images was his and that no one else had access to it. On October 29, 2020, the Commonwealth filed a criminal information charging Appellant, at Count 1, with sexual abuse of children – dissemination of child pornography, 18 Pa.C.S.A. § 6312(c), and, at Count 2, with sexual abuse of children – possession of child pornography, 18 Pa.C.S.A. § 6312(d).[1]

On April 8, 2021, Appellant entered a negotiated guilty plea to sexual abuse of children – possession of child pornography. Under the agreement, the Commonwealth elected not to pursue the dissemination of child pornography charge filed at Count 1, agreed not to seek a minimum sentence that exceeded 11½ months, and further agreed not to oppose incarceration at a county facility. That same day, the trial court ordered a pre-sentence investigation report and directed Appellant to undergo an assessment by the Sexual Offender Assessment Board (SOAB) to determine whether he met the criteria for classification as a sexually violent predator (SVP). *See* 42 Pa.C.S.A. § 9799.24 (describing procedure for assessment of individuals convicted of sexual offenses).

_____

[1] Both offenses are graded as felonies of the third degree. *See* 18 Pa.C.S.A. § 6312(d.1)(2)(i) (grading all first offenses charged under 18 Pa.C.S.A. § 6312(c) and 18 Pa.C.S.A. § 6312(d) as third degree felonies).

On July 26, 2021, prior to sentencing, Appellant filed a motion asking the court to bar application of Revised Subchapter H on various statutory and constitutional grounds. In addition, the pre-sentence motion asked the court for a preliminary injunction or stay of Appellant's obligation to register as a sex offender pending resolution of the issues raised in **Torsilieri**, **supra**. At sentencing on August 13, 2021, the court denied Appellant's pre-sentence motion, including his request for a preliminary injunction or stay, and ordered him to serve a period of incarceration of not less than 11½ months nor more than 23 months, followed by a consecutive term of probation lasting five years. SOAB determined that Appellant did not meet the criteria for SVP designation; hence, Appellant was not subject to lifetime registration. In addition, through separate orders, the trial court classified Appellant as a Tier I sex offender and directed him to register as such for a period of 15 years.[2]

_____

[2] Following his guilty plea to sexual abuse of children – possession of child pornography, Appellant was subject to an automatic, 15-year registration period as a sexual offender, pursuant to Revised Subchapter H, as he committed this offense on or after December 20, 2012. **See** 42 Pa.C.S.A. § 9799.12 (defining "sexual offender" as an "individual who has committed a sexually violent offense" and defining "sexually violent offense" as an "offense specified in section 9799.14 ... as a Tier I, Tier II or Tier III sexual offense committed on or after December 20, 2012, for which the individual was convicted"); 42 Pa.C.S.A. § 9799.14(b)(9) (declaring that Appellant's sexual abuse of children – possession of child pornography conviction under 18 Pa.C.S.A. § 6312(d) constitutes a Tier I sexual offense); 42 Pa.C.S.A. § 9799.13(1) (declaring that a "sexual offender who has a residence within" Pennsylvania must "register with the Pennsylvania State Police as provided in sections 9799.15"); 42 Pa.C.S.A. § 9799.15(a)(1) ("an individual specified in section 9799.13 (relating to applicability) shall register with the Pennsylvania
*(Footnote Continued Next Page)*

- 4 -

On August 20, 2021, Appellant filed a timely post-sentence motion, again challenging application of Revised Subchapter H and again asking for a stay of his registration obligations pending resolution of the issues raised in *Torsilieri*. The trial court denied that motion on August 25, 2021, and this timely appeal followed.[3, 4]

Appellant's brief raises the following questions for our consideration.

1. Whether that portion of [Appellant's sentencing order] imposing [registration pursuant to Revised Subchapter H] should be vacated because [Revised Subchapter H] violated both the Pennsylvania and [United States] Constitution[s] in the following ways:

   A. Whether [Revised Subchapter H] denies Appellant due process under the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation without notice and an opportunity to be heard?

   B. Whether [Revised Subchapter H] denies [] Appellant procedural due process under the Fifth and Fourteenth amendments to the United States Constitution because it unlawfully restricts liberty and privacy without notice and an opportunity to be heard?

   C. Whether [Revised Subchapter H] violates substantive due process under the [Pennsylvania] and [United States C]onstitutions, U.S. Const. Amend. XIV; PA. Const. Art I, § 1, because [Revised Subchapter H] deprives

_____

State Police as follows: (1) An individual convicted of a Tier I sexual offense ... shall register for a period of 15 years").

[3] On September 23, 2021, the trial court denied a request for reconsideration of the order denying Appellant's post-sentence motion.

[4] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

individuals of inalienable rights and fails to satisfy strict scrutiny?

D. Whether [Revised Subchapter H] is in all material respects identical to [a prior invalidated version of Pennsylvania's Sex Offender Registration and Notification Act] and therefore a punitive law?

E. Does [Revised Subchapter H], as a penal law, violate the separation of powers doctrine because it usurps the exclusive judicial function of imposing a sentence?

F. Whether [Revised Subchapter H] contravenes the [Fifth, Sixth, and Fourteenth A]mendments of the United States [C]onstitution and the corresponding protections of the Pennsylvania [C]onstitution because as a criminal punishment, [Revised Subchapter H] cannot be imposed [consistent with] due process, notice and opportunity to contest its imposition, and ensuring that each fact necessary to support the mandatory sentence and a sentence beyond the authorized statutory maximum is submitted to a jury and proven beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 1570 U.S. 99 (2013)?

G. Whether the imposition of mandatory fifteen (15) year sex offender registration for all Tier I offenses under [Revised Subchapter H] is a cruel and unusual punishment in violation of the [Eighth and Fourteenth A]mendments to the United States Constitution and Article I, Section 13, of the Pennsylvania Constitution?

H. Whether Appellant's [fifteen (15) year registration period pursuant to Revised Subchapter H] is illegal as it is not a sentencing alternative authorized by [42 Pa.C.S.A. § 9721] and the trial court therefore lacked authority to impose such a sentence?

I. Appellant's [fifteen (15) year registration period] pursuant to [Revised Subchapter H] is illegal as the statutory maximum for a [felony] of the third degree as codified at [18 Pa.C.S.A. § 1103(3)] is seven (7) years.

2. Whether this matter should be stayed, or remanded to the trial court[,] with instructions to stay proceedings, pending

resolution of the issues raised in ***Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020)?

Appellant's Brief at 6-8.

Appellant's challenges to the application of Revised Subchapter H, predicated on various constitutional and statutory grounds, raise questions of law. ***See Commonwealth v. Morgan***, 258 A.3d 1147, 1152 (Pa. Super. 2021) ("[w]hen an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law"); ***see also Commonwealth v. Prinkey***, 277 A.3d 554, 562-564 (Pa. 2022) (claims alleging judicial imposition of a sentence in the absence of statutory or constitutional authority implicates challenge to legality of a sentence which presents a question of law). As with all questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Lacombe***, 234 A.3d 602, 608 (Pa. 2020).

In his first claim, Appellant challenges the application of Revised Subchapter H based upon various constitutional and statutory theories, which he divides into nine subparts. We outline these claims in three groups, based upon their underlying premises.

The first three subparts of Appellant's initial claim are collectively grounded on the contention that Revised Subchapter H creates an irrebuttable presumption that runs afoul of constitutional principles. Initially, Appellant alleges that Revised Subchapter H denies him due process under the Pennsylvania Constitution because it creates an irrebuttable presumption that

those convicted of enumerated offenses pose a high risk of recidivism. *See* Appellant's Brief at 16-17. He reasons that Revised Subchapter H violates due process because it infringes upon protected reputational interests, presumes facts that are not universally true, and reasonable alternative means are available for more accurately ascertaining the likelihood of re-offense. *See id* at 19-20 (case citations omitted). Next, Appellant asserts that Revised Subchapter H denies procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution because it impinges upon liberty and privacy interests surrounding his reputational rights without offering notice and meaningful opportunity to be heard. *See id*. at 27-28. Finally, Appellant argues that Revised Subchapter H violates substantive due process under both the United States and Pennsylvania Constitutions because it deprives him of his inalienable right to reputation in a manner which is not narrowly tailored to achieve a compelling interest and which, as a result, fails to satisfy strict scrutiny. *See id*. at 30-33.

The next four subparts of Appellant's opening claim rest upon the assertion that Revised Subchapter H is punitive since, in all material respects, it is identical to the original version of the Sex Offender Registration and Notification Act which our Supreme Court considered in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (concluding that retroactive application of registration provisions of original version of Sex Offender Registration and Notification Act violated *ex post facto* clauses of United States and Pennsylvania Constitutions). *See* Appellant's Brief at 34-43. Proceeding on

the assumption that Revised Subchapter H constitutes criminal punishment, Appellant contends that the statute: 1) violates the separation of powers doctrine by allowing the legislature to usurp the exclusive judicial function of formulating and imposing criminal sentences, *see id*. at 44-47; 2) violates due process precepts articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 1570 U.S. 99 (2013), Appellant's Brief at 47-51; and, 3) violates the prohibition against cruel and unusual punishments under the Eighth Amendment of the United States Constitution and Art. I § 13 of the Pennsylvania Constitution. *See* Appellant's Brief at 51-52.

The last two subparts of Appellant's initial claim cite statutory objections to the application of Revised Subchapter H. Like the preceding constitutional challenges, these statutory objections rest on the premise that Revised Subchapter H is punitive and, therefore, constitutes a criminal sentence which is subject to a plethora of constitutional and statutory constraints. Here, Appellant claims that a registration period imposed under Revised Subchapter H is unlawful because it is not a sentencing option authorized under 42 Pa.C.S.A. § 9721(a) (listing sentencing alternatives, including an order of probation, a determination of guilty without further penalty, partial confinement, total confinement, and a fine). *See* Appellant's Brief at 52-53. Appellant also maintains that, because 18 Pa.C.S.A. § 6312(d) graded his conviction for possession of child pornography as a third-degree felony, which is punishable by a maximum of seven years in prison under 18 Pa.C.S.A.

§ 1103(3), a 15-year registration requirement constituted an illegal sentence since it extended punishment beyond the statutory maximum for the predicate offense. *See* Appellant's Brief at 53-54.

We first address Appellant's contention that we may sustain his constitutional challenges to Revised Subchapter H as a matter of law and without consideration of additional evidentiary support for his positions. It is well settled in Pennsylvania that litigants who object to the constitutionality of a statute carry a heavy burden in establishing that legislation runs afoul of constitutional principles.

> In addressing constitutional challenges to legislative enactments, [appellate courts] are ever cognizant that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but also that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Torsilieri*, 232 A.3d at 575 (citations and quotation marks omitted).

At the outset of the argument section of his brief, Appellant notes that the challenges he raises in this appeal are identical to the ones considered by our Supreme Court in *Torsilieri*, *supra*. In that case, a sexual offender – who, like Appellant, was not deemed an SVP - alleged before the trial court that Revised Subchapter H was punitive in nature, violated multiple statutory and constitutional protections relating to criminal sentences, and disputed the legislative presumption declaring that all sexual offenders are dangerous and pose a high risk of recidivism and that registration and

notification procedures are required to protect the public from recidivist offenders. The trial court found that Revised Subchapter H violated due process by denying an offender's reputational rights under the Pennsylvania Constitution through an irrebuttable presumption. The court also determined that Revised Subchapter H was punitive and, thus, constituted part of a criminal sentence and was subject to statutory and constitutional constraints. As such, Revised Subchapter H violated the separation-of-powers doctrine by preventing courts from imposing individualized punishments and violated **Alleyne**, **supra,** by permitting enhanced punishment based on factors that are neither determined by a factfinder nor established by proof beyond a reasonable doubt.

On appeal, our Supreme Court in **Torsilieri** did not reach the merits of any of the constitutional claims at issue. Rather than determining whether Revised Subchapter H violated due process through impairment of a sex offender's reputational rights, the Court concluded that a remand was "necessary to allow the parties to present additional argument and evidence to address whether a scientific consensus has developed to overturn the legislative determinations in regard to adult sexual offenders' recidivation rates and the effectiveness of a tier-based registration and notification system as they relate to the prongs of the irrebuttable presumption doctrine." **Torsilieri**, 232 A.3d at 587-588. Turning to the trial court's determination that Revised Subchapter H was punitive, the **Torsilieri** Court acknowledged

that the trial court's analysis did not rely overtly on the sex offender's scientific evidence but observed that the trial court may have weighed the factors relevant to a determination of whether the statute was punitive based upon the court's acceptance of the expert evidence placed before it. *Id.* at 590. Therefore, the Court held that, after additional scientific evidence was introduced on remand, the trial court should re-assess the factors relevant to a determination of whether the statutory provisions are punitive. *Id.* at 594. Hence, the Court vacated the trial court's declaration that the registration requirements of Revised Subchapter H were punitive. *Id.* at 596. In remanding the matter, the Court observed:

> [We] emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination. We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that "the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."
>
> * * *
>
> Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id.* at 596 (emphasis added) (citations omitted).

- 12 -

This Court recently rejected claims asserting, as Appellant does, that we may venture beyond our Supreme Court's ruling in **Torsilieri** and uphold constitutional challenges to Revised Subchapter H as a matter of law in the absence of factual development: 1) demonstrating a consensus of scientific evidence disproving the legislature's presumptions concerning the risk of re-offense or 2) establishing the clear proof needed to overcome a statutory declaration that a provision is not punitive. **See Commonwealth v. Wolf**, 276 A.3d 805, 813 (Pa. Super. 2022). Moreover, our Supreme Court has been clear that it has not yet declared that Revised Subchapter H is punitive in nature or that **Apprendi**-based and cruel and unusual punishment challenges to registration under Revised Subchapter H will succeed on the merits. **See Commonwealth v. Thorne**, 276 A.3d 1192, 1198 (Pa. 2022) ("our decision [in **Thorne**] does **not** in any way establish that Revised Subchapter H is punitive in nature and/or that [Thorne's] underlying [**Apprendi**-based and cruel and unusual punishment] claims will be successful on the merits") (emphasis added).[5] Appellant has not presented compelling reasons to depart from these recent pronouncements and we perceive none. Accordingly, we reject Appellant's request that we declare Revised Subchapter H in violation of constitutional principles and statutory provisions as a matter of law.

_____

[5] Since the law in Pennsylvania presently holds that Revised Subchapter H is not punitive, Appellant's statutory claims, which rest on the contention that registration pursuant to Revised Subchapter H constitutes a criminal sentence, are without merit.

Moreover, we reject Appellant's request that we stay his obligation to register as a sex offender pursuant to Revised Subchapter H. Appellate courts in Pennsylvania employ a highly deferential standard of review in considering trial court rulings on requests for injunctive relief. *See Weeks v. Department of Human Services*, 222 A.3d 722, 727 (Pa. 2019). We review such rulings for an abuse of discretion and will affirm the denial of injunctive relief if the trial court had any apparently reasonable grounds for its action. *See Warehime v. Warehime*, 860 A.2d 41, 46 (Pa. 2004). Reasonable grounds exist and will support an affirmance of the trial court's determination when the court finds that a legal prerequisite was not satisfied. *See id*. at 46-47 (listing a clear right to relief as among the essential prerequisites to injunctive relief). "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decree*." Marcellus Shale Coal. v. Dep't of Envtl. Prot.*, 185 A.3d 985, 995 (Pa. 2018). As we made clear above, and as the trial court observed, Appellant, at present, has no clear path to success on his challenges to the application of the registration provisions of Revised Subchapter H. Hence, he is not entitled to a stay of his registration obligations.

Nevertheless, although Appellant presented pre- and post-sentence motions challenging the validity of Revised Subchapter H, the trial court did not entertain evidence relating to those objections. Thus, in accordance with *Torsilieri* and precedents decided by this Court, we vacate the orders denying

Appellant's pre- and post-sentence motions and remand for further proceedings at which the parties can present evidence for and against the relevant legislative determinations and the challenges discussed above. *See* ***Commonwealth v. Mikley***, 240 A.3d 957, 963 (Pa. Super. 2020) (vacating order denying post-sentence motion and remanding for evidentiary hearing at which parties may submit evidence pertinent to legislative determinations and application of Revised Subchapter H).

Judgment of sentence affirmed. Orders denying Appellant's pre- and post-sentence motions vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2022