J-A06018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETITION FOR CHANGE OF NAME OF JESSICA HOPE HILLIARD | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JESSICA HOPE HILLIARD | : : : : : : | |
| | : | No. 640 WDA 2022 |

Appeal from the Order Entered May 3, 2022
In the Court of Common Pleas of Butler County Civil Division at No(s):
2013-40095

BEFORE:   OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: APRIL 17, 2023**

Appellant Jessica Hope Hilliard a/k/a Jordan Xzavier Hilliard appeals from the order denying his petition for a name change. Appellant argues that the name-change felony bar at 54 Pa.C.S. § 702(c)(1) is unconstitutional and that the trial court erred in denying the petition without conducting a full hearing. Following our review, we vacate and remand for further proceedings.

Briefly, Appellant filed a petition to change his legal name on February 15, 2022. On May 3, 2022, the trial court conducted a hearing. At the outset, the trial court confirmed that Appellant had been convicted of a felony and was still on state parole, which was set to expire on July 3, 2022. The trial court then concluded that, in light of Appellant's status as a state parolee, he was not eligible to change his name under 54 Pa.C.S. § 702(c)(1). Although

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant attempted to argue in support of his position, the trial court ended the hearing and denied Appellant's petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Does the felony bar violate the Pennsylvania Constitution?

2. Would it be unreasonable to deny [Appellant's] name change here where the Commonwealth's conviction and parole records already list his desired name?

3. Did the trial court err in refusing to allow a full hearing?

Appellant's Brief at 8-9.

We address Appellant's claims together. Appellant argues that the name-change felony bar at 54 Pa.C.S. § 702(c)(1) violates his due process rights and right to avoid compelled speech under the Pennsylvania Constitution. Appellant's Brief at 19. Specifically, Appellant claims that the statute violates his right to privacy, his right to avoid disclosure of personal matters, and his right to reputation. *Id.* at 20-29. Appellant also argues that the name-change felony bar is unconstitutional under the irrebuttable presumption doctrine and fails a traditional means-end review. *Id.* at 41-57. Appellant further contends that the trial court erred in finding that he waived his constitutional claims by failing to raise them before the trial court where the trial court refused to allow a full hearing on Appellant's claims. *Id.* at 59-

62. Therefore, Appellant requests that we vacate the trial court's order denying his name-change petition and remand for a full hearing. *Id.* at 62.

Appellant's constitutional challenges raise questions of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Torsilieri***, 232 A.3d 567, 575 (Pa. 2020).

When reviewing such claims, our Supreme Court has explained:

In addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." ***In re J.B.***, 107 A.3d 1, 14 ([Pa.] 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." ***Id.*** (internal quotations marks and citation omitted).

*Id.* at 575; ***see also Nixon v. Commonwealth***, 839 A.2d 277, 286-87 (Pa. 2003) (stating that, when reviewing challenges to the constitutionality of a Pennsylvania statute, courts must conduct a "means-end review" in which the court "weigh[s] the rights infringed upon by the law against the interest sought to be achieved by it, and also scrutinize[s] the relationship between the law (the means) and that interest (the end)" (citations omitted)).

Our Supreme Court has explained that to establish a violation to the irrebuttable presumption doctrine, "the challenging party must demonstrate (1) an interest protected by the due process clause, (2) utilization of a presumption that is not universally true, and (3) the existence of a reasonable alternative means to ascertain the presumed fact." ***Torsilieri***, 232 A.3d at

579 (citation omitted). Further, when a petitioner raises a colorable due process claim under the irrebuttable presumption doctrine, the petitioner must be given an opportunity to present evidence in an effort to rebut the legislative finding underlying the statutory presumption. **See id.** at 587, 596; **see also Commonwealth v. Mickley**, 240 A.3d 957, 963 (Pa. Super. 2020).

In matters where there is no factual record on which to review a petitioner's constitutional claims, both this Court and our Supreme Court have concluded that remand may be necessary. **See Torsilieri**, 232 A.3d at 596 (concluding that remand was necessary for the trial court to conduct a hearing and consider evidence in support of the petitioner's irrebuttable presumption claim); **Mickley**, 240 A.3d at 963 (remanding pursuant to **Torsilieri**); **see also Commonwealth v. Asher**, 244 A.3d 27, 33 (Pa. Super. 2020) (same); **In re C.M.T.**, 861 A.2d 348, 351, 357 (Pa. Super. 2004) (rejecting the juvenile court's finding that a school district's compliance with an individualized education plan (IEP) "establishe[d] an irrebuttable presumption that [the appellant's] alleged disability-related absences [were] unjustified[,]" and remanding the matter for further development of the record where the juvenile court refused "to allow [the] appellant to present evidence to justify her absence from school").

Name-change petitions are governed by 54 Pa.C.S. § 702, which provides as follows:

## § 702. Change by order of court

**(a) General rule.—**The court of common pleas of any county may by order change the name of any person resident in the county.

**(b) Procedure.—**Prior to entry of an order of approval of change of name, all of the following shall apply:

(1) The court must forward to the Pennsylvania State Police a duplicate copy of the application for change of name and a set of the person's fingerprints.  The person applying for the change of name is responsible for costs under this paragraph.

(2) The Pennsylvania State Police shall use the fingerprints to determine if the person is subject to 18 Pa.C.S. Ch. 91 (relating to criminal history record information).

(3) The Pennsylvania State Police shall:

(i) if the person is subject to 18 Pa.C.S. Ch. 91, note the name change on the person's criminal history record information; or

(ii) if the person is not subject to 18 Pa.C.S. Ch. 91, destroy the fingerprints.

(4) Within 60 days of receipt of the material under paragraph (1), the Pennsylvania State Police shall certify to the court what action has been taken under paragraph (3).

(5) The procedure in this subsection shall not apply to proceedings involving:

(i) An election to resume a prior surname pursuant to section 704 (relating to divorced person may resume prior name).

(ii) Name changes involving minor children in adoption proceedings.

(iii) A name change involving a minor child whose name is being changed pursuant to section 703 (relating to effect on children) or because of the change of name of the child's parent.

**(c) Convicted felons.—**

(1) The court may order a change of name for a person convicted of a felony, subject to provisions of paragraph (2), if:

(i) at least two calendar years have elapsed from the date of completion of a person's sentence and that person is not subject to the probation or parole jurisdiction of any court, county probation agency or the Pennsylvania Board of Probation and Parole; or

(ii) the person has been pardoned.

54 Pa.C.S. § 702(a)-(c)(1).

Here, as noted previously, the trial court conducted a truncated hearing on Appellant's petition for a name change. At the hearing, parole officer Scott Dobson confirmed that Appellant was still on state parole for a previous felony conviction. N.T. Hr'g, 5/3/22, at 3-4. After Appellant informed the trial court that he had less than sixty days left on parole, the following exchange occurred:

THE COURT: [The s]tatute requires -- the court may order a change of name for a person convicted of a felony subject to provisions of paragraph [two] if at least two calendar years have elapsed from the date of completion of the person's sentence, and that person is not subject to the probation and parole jurisdiction of any court, county probation agency, or the Pennsylvania Board of Probation and Parole. As such, you do not qualify at this point in time for a change of name.

MR. DOBSON: From my understanding, it actually states that the court may order that still.

THE COURT: I'm not willing to do that.

[Appellant]: Even though I'm still on – I'm on state parole under Jordan Hilliard.

THE COURT: I understand.

[APPELLANT]: I was incarcerated under Jordan Hilliard, and everything about me, Your Honor, is Jordan Hilliard. My medical, my parole, my incarceration date -- I mean my name, my employment --

THE COURT: I'm not going to argue with you, sir. It says this: paragraph C; convicted felon, sub-paragraph 1. The court may order a change of name of a person convicted of a felony subject to the provisions of paragraph 2 if at least two calendar years have elapsed from the date of completion of a person's sentence, and that person is not subject to the probation or parole jurisdiction of any court, county probation agency, or the Pennsylvania Board of Probation and Parole. At this point in time, you do not comply. Once you've completed the requisite time period, refile your petition. You did it back in [2013], and you're refiling it now. You need to do it again. Thank you very much.

N.T. Hr'g, 5/3/22, at 4-5 (some formatting altered).

In its Rule 1925(a) opinion, the trial court addressed Appellant's constitutional claims as follows:

On appeal, [Appellant] raises the constitutionality and validity of the "felony bar" set forth in the name change statute, 54 Pa.C.S. § 702(c), an issue that was never raised before this court. [Appellant] had the opportunity to challenge the constitutionality and validity of the statute, as these issues were discussed during the May 3, 2022, hearing on the petition for change of name. Additionally, [Appellant] was aware of the "felony bar" statute prior to filing his present petition for change of name, as the Honorable Marilyn J. Horan denied a similar name change request by [Appellant] on July 13, 2013, as he was at that time on parole for a felony conviction emanating from the State of Illinois. Despite being given the opportunity to raise said issues, [Appellant] failed to challenge the constitutionality or validity of 54 Pa.C.S. § 702(c) prior to or during the May 3, 2022, hearing on his petition for change of name. As such, the court respectfully submits that allegations of error numbered 1 through 5, each of which concern the "felony bar," are waived.

Trial Ct. Op., 7/25/22, at 2 (some formatting altered).

Our review of the record confirms that Appellant did not raise any constitutional claims at the hearing on his name-change petition. However, although Appellant attempted to argue in support of his position during the hearing, the trial court stated that it was "not going to argue," denied Appellant's petition, and ended the hearing. *See* N.T. Hr'g at 5. Under these circumstances, we agree with Appellant that he did not have an opportunity to present argument in support of his constitutional claims. As a result, there is no factual record on which we can evaluate Appellant's arguments on appeal.[1] Therefore, on this record, we conclude that remand is necessary to allow the parties to present additional argument and evidence as it relates to Appellant's constitutional claims. *See Torsilieri*, 232 A.3d at 596. For these reasons, we vacate the trial court's order and remand for further proceedings.

_____

[1] We emphasize that this case presents an important question concerning the constitutionality of Pennsylvania's name-change statute, which has faced scrutiny in recent years. In 2021, Judge Christine Ward from the Allegheny County Court of Common Pleas ruled that Pennsylvania's felony name bar was unconstitutional and granted name-change petitions filed by two individuals with prior felony convictions. The Pennsylvania Office of the Attorney General declined to file an appeal in either case. *See In Re: Petition of Scott Porter, Jr.*, Civil Docket No. GD-21-11804 (C.C.P. Allegheny Cty. 2021); *In Re: Petition of Robert Lee Noaker, Jr.*, Civil Docket No. GD-21-11805 (C.C.P. Allegheny Cty. 2021); *see also Porter v. Commonwealth*, 2020 WL 4342721 (dismissing the petitioners' request for injunctive relief on procedural grounds, but declining to address the parties' constitutional claims, and noting that the Commonwealth Court would "express no opinion on the potential merits of a future suit against proper parties"). In Philadelphia, Common Pleas Court Judge Sierra Thomas Street granted a name-change petition filed by an individual with a prior felony conviction. *See In Re: Alvarado*, Civil Docket No. 210901990 (C.C.P. Phila. 2021). However, Judge Thomas Street did not make any determination regarding the constitutionality of the statute.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/17/2023</u>